IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MONTESDEOCA, ) | 1:08-CV-0491-AWI WMW HC |
| ) | |
| Petitioner, ) | ORDER DENYING MOTION |
| ) | FOR STAY |
| vs. ) | |
| ) | [Doc. 7] |
| ) | |
| JAMES D. HARTLEY, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  On May 13, 2008, Petitioner filed a motion for a stay of this action in order to allow him to exhaust his state remedies as to another claim.

    A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S.269, 276, 125 S.Ct. 1528, 1534 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997).  However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA). Rhines, 125 S.Ct. at 1534. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 1535.  Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

In this case, the Court does not find good cause to excuse Petitioner's failure.  In his motion, Petitioner does not identify his additional claim, but rather simply states that he seeks a state in order to exhaust his state remedies as to "another claim raising a federal question." Petitioner had multiple opportunities to present such federal claims to the state courts: he could have raised it in a petition for review to the California Supreme Court, or in a subsequent round of collateral review in the state courts.  In each instance, he failed to do so. Staying the case at this juncture in order to allow Petitioner to pursue a third round of review in the state courts frustrates AEDPA's objective of encouraging finality and undermines AEDPA's objective of streamlining federal habeas proceedings. Id. at 1534. Accordingly, Petitioner's motion for stay of the proceedings is hereby DENIED.

IT IS SO ORDERED.

Dated:     May 23, 2008                       /s/  William M. Wunderlich
                                         UNITED STATES MAGISTRATE JUDGE