UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MONTESDEOCA, | 1: 08 CV 0491 AWI WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 13] |
| JAMES D. HARTLEY, WARDEN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

Petitioner is a California inmate serving an indeterminate life sentence for second degree murder. He alleges that the Board of Parole Hearings denied him due process at his October 11, 2006 parole consideration hearing because it continued to rely on the unchanging factors of his

commitment offense and conduct prior to incarceration.

Petitioner filed a petition for writ of habeas corpus in Los Angeles County Superior Court on July 26, 2007, alleging the same claim as alleged in the present petition. The Superior Court denied the petition August 23, 2007, finding the record contained some evidence to support the Board's finding that Petitioner was unsuitable for parole.

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Second Appellate District on October 2, 2007. The Court of Appeal denied the petition on October 10, 2007,and found the record reflected that some evidence supported the Board's parole denial.

Attached to the present petition is a copy of a petition for review Petitioner alleged filed in the California Supreme Court. However, this copy is not filled stamped. Further, Respondent provides a copy of a portion of the California Supreme Court's docket showing that the only record of any filing by Petitioner in that court pertains to the appeal of his conviction.

## LEGAL STANDARD

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of Avenal State Prison, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the

AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the ground that Petitioner's claim is not exhausted. Petitioner opposes the motion.

<u>Procedural Basis for Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (1991); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

<u>Exhaustion</u>

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); <u>Kenney v.</u>

1  Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner
2  must have specifically told the state court that he was raising a federal constitutional claim.  Duncan,
3  513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For
4  example, if a petitioner wishes to claim that the trial court violated his due process rights "he must
5  say so, not only in federal court but in state court."  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A
6  general appeal to a constitutional guarantee is  insufficient to present the "substance" of such a
7  federal claim to a state court.  See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982)
8  (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an
9  argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074
10 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional
11 guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

12        In this case, Respondent contends that Petitioner has not presented his claim to the California
13 Supreme Court.  In his opposition to Respondent's motion to dismiss, Petitioner claims that on
14 October 17, 2007, he filed a petition for review with the California Supreme Court at 300 South
15 Spring Street, Los Angeles, CA 90013.  He states that he also sent a copy of the petition to the
16 Attorney General on the same date.  Petitioner attaches a copy of the Avenal State Prison Outgoing
17 Legal/Confidential Mail Log, which substantiates his claim.

18        Petitioner claims  that when he did not receive a response from the court, he sent the court a
19 letter of inquiry dated January 29, 2008.  Petitioner attaches a copy of this letter, and states that the
20 court did not respond to the letter.   Petitioner claims that on February 25, 2008, he sent a copy of the
21 petition "to the San Francisco address."  He states that on February 28, 2008, the court stamped the
22 cover page and sent him a confirmed copy.  Petitioner references Exhibit 3.

23        The court finds that Exhibit 3 is a copy of letter to the Clerk of the Court, not a copy of the
24 cover page of a petition for review.  Further,  it remains undisputed that even if Petitioner did mail a
25 petition for review to the California Supreme Court, the Supreme Court has no record of receiving it.
26 This court must therefore find that Petitioner has presented nothing which demonstrates that he has
27 exhausted his claim by presenting it to the California Supreme Court. Because Respondent has
28 moved for dismissal and the petition contains no exhausted claims, this court lacks jurisdiction and

is obliged to dismiss the federal petition immediately. See, Jiminez v. Rice, 276 F.3d 478 (9th Cir.2001).

Under the AEDPA, exhaustion can be waived by Respondent. 28 U.S.C. § 2254(b)(C). The court can also excuse exhaustion if "(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such a process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).  In this case, Respondent has not waived exhaustion.  In addition, California provides avenues for Petitioner to pursue state claims.   Finally, there are not sufficient circumstances in this case for the court to ignore the United States Supreme Court's admonishment that comity demands exhaustion and find that California's corrective processes are ineffective to protect Petitioner's rights.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1)     that Respondent's motion to dismiss be GRANTED;

2)     that this petition for writ of habeas corpus be DISMISSED without prejudice as containing a single, unexhausted claim;

3)     that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b) (1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 12, 2009**           _____/s/  **William M. Wunderlich**_____
                                                        UNITED STATES MAGISTRATE JUDGE